LOTTINGER, Judge.
These are suits for malicious prosecution. In suit number 12255 Dr. I. I. Rosen and Mildred Gill sued various defendants including Leonard E. Yokum, District Attorney for the Twenty-First Judicial District, Joseph H. Simpson, Assistant District Attorney, and Jesse P. Lagarde, Assistant District Attorney. Dr. Rosen in suit number 12256 sued various defendants again including Yokum, Simpson, and adding William Quin, an Assistant District Attorney.
The defendants, Yokum, Simpson, La-garde and Quin, filed motions for summary judgment in both cases claiming absolute prosecutorial immunity citing Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). These suits were consolidated for the purpose of disposing of the motions for summary judgment. Both suits will be handled in this opinion.
Judgment was rendered granting the motions and dismissing the suits as against Leonard E. Yokum, Joseph H. Simpson, and William M. Quin.[1]
From this judgment, plaintiff has appealed. Appellant has assigned the following specifications of error in suit number 12255, to wit:
“1. It was error for the recused judge to act and attempt to reallot a case.
2. It was error for a recused judge to attempt to reallot a case assigned to another division.
3. It was error for a trial judge to act in a case that was, illegally before his court on a void allotment.
4. It was error, when writs were applied for and a request to stay further proceedings based upon the lack of venue and or jurisdiction of the court.
5. It was error for a court, to ignore a null ‘reallotment’ to participate in a case, until it was clear the case was in the proper forum, and any action, was null and void.
6. It was error for the trial court to fail to order the attorney general to withdraw as counsel of record.”
In suit number 12256 the following specifications of error have been assigned:
“1. It was error for a judge of Div. ‘A’ to stay scheduled depositions in Div. ‘B’, on a motion filed in a Div. ‘D’ case.
2. It was error for the trial judge of Div. ‘B’ to recuse himself and act or participate any further, in the case.
*931 3. It was error, for the judge of Div. ‘D’ to . whom the case was alloted, to fail to act on a motion to recuse.
4. It was error for a recused judge to attempt to reallot a case after his recusal.
5. It was error for a trial judge whose allotment improvidently issued on the order of a recused judge, to act or participate, in the ease, until this question was resolved.
6. It was error, and an abuse of discretion for a trial judge, whose propriety to sit on a case was questioned, to refuse a stay order to apply for supervisory relief.
7. It was error, for a trial judge to dismiss a suit when he was improvidently and illegally sitting on the case, and appellate delays should not commence to run.
8. It was error, for the trial judge to fail to vacate an order allowing the attorney general to represent private interests.”
In appealing, appellant does not complain as to the merits of the granting of the motion for summary judgment, and thus, under Rule IX-A Uniform Rules-Courts of Appeal we limit ourselves to those specifications of error contained in the briefs. We do note in passing, however, that we are of the opinion that no error was made on the part of the trial judge in granting the summary judgments.
As we understand the above listed specifications of error, they form basically four issues: (1) recusal and reallotment, (2) authority of judge to whom a case is not assigned to stay depositions, (3) authority of the attorney general’s office to represent a district attorney and his assistants in a suit against them, and (4) propriety of a trial judge to refuse to stay the proceedings pending the application for writs.
ISSUE NO. 1
After a motion for new trial was filed in each suit, the plaintiff-appellant filed separate motions to recuse all judges in the Twenty-First Judicial District because they would be called as witnesses. This motion was filed in each suit on December 21,1977.
The trial judge to whom these cases had been assigned, and who had rendered the summary judgment, namely the Honorable Gordon E. Causey, ex proprio motu recused himself and ordered the cases reallotted. We gather from the record and briefs that these cases were reallotted to Division “D” of the Twenty-First Judicial District. However, on February 1, 1978, Judge Cau-sey reallotted each of these cases to Division “C”, then presided over by the Honorable Ben Miller, appointed by the Louisiana Supreme Court to temporarily fill a vacancy in that division. In the motion and order to reallot to Division “C”, it was pointed out that Judge Miller was from Baton Rouge and not the area of the Twenty-First Judicial District.
Under Rule VIII, of the Rules of the Twenty-First Judicial District, as well as La.C.C.P. art. 157, we find no error on the part of the trial judge in reallotting this case to Division “C” of the Twenty-First Judicial District. Conceding, however, for the sake of argument that the trial judge was in error in reallotting this case for the purpose of hearing the motion for a new trial, we find same to be harmless.
ISSUE NO. 2
Rule VIII of the Rules of the Twenty-First Judicial District provides:
“All ex parte orders in contested cases will be signed by the judge to whom the case is allotted or transferred unless unusual circumstances exist where in the interest of justice it is required that a judge of another division sign the order. Such orders may also be signed as provided by law.”
This rule specifically allows judges to whom a case has not been allotted to sign orders. Thus, we find no error.
ISSUE NO. 3
Plaintiff-appellant argues that it was error for the trial judge to refuse to remove the attorney general as counsel of record for the defendant district attorney and his assistants because they were sued in their individual capacities.
*932 The district attorney and his assistants are provided for by the constitution. Article 5, § 26 La.Const. (1974).
Though the plaintiff-appellant contends that the district attorney and his assistants were sued in their individual capacities, the record points out that they were sued because of functions they performed in their official capacities, and thus, we see no error in the trial judge refusing to remove the attorney general’s office as counsel of record for these defendants.
ISSUE NO. 4
Rule XII, Section 2, Uniform Rules-Courts of Appeal in part provides that upon a trial judge being given notice of intention to apply for writs, “he shall fix a reasonable time within which the application shall be filed in this court [Court of Appeal], and he may, in his discretion, stay further proceedings, * * Thus, under the above Rule of the Uniform Rules-Courts of Appeal, the trial judge has within his discretion the authority to stay further proceedings. We find no abuse of that discretion.
Therefore, for the above and foregoing reasons, judgments in No. 12255 and No. 12256 are affirmed at appellant’s costs.
AFFIRMED.

. We find no judgment in this record granting a summary judgment dismissing the suit as against Jesse P. Lagarde.